I respectfully dissent from the majority's decision finding that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer.
In my opinion the disciplinary action leading to plaintiff's alleged mental injury was part of an established personnel procedure with a legitimate business purpose and occurred in the course of normal business operations. The Employee Handbook, Personnel Practices Manual, and Employee Relations Manual all set forth with particularity the type of conduct which is subject to discipline, the nature of the discipline, and the means by which management investigates potential violations. In particular, the crisis suspension and the decision-making leave administered to plaintiff are set out in these printed materials available to all employees. The evidence shows that defendant-employer used the personnel measures at its disposal and adhered to the guidelines for applying those established procedures with respect to its actions involving plaintiff.
Thus, the disciplinary action should not be considered an "accident" as it was not an interruption of the regular work routine because it was an ordinary personnel action taken following the theft of equipment at the workplace and part of an established sequence of operations.See, Smith v. Housing Auth. of Asheville, 159 N.C. App. 198,566 S.E.2d 692 (2003). The events themselves did not result in injury, but rather it was plaintiff's emotional response to the workplace event that resulted in the development of his psychological condition. Knight v.Abbott Laboratories, 160 N.C. App. 542, 586 S.E.2d 544
(2003); Pitillo v. N.C. Dep't of Envtl. Health Natural Res.,151 N.C. App. 641, 566 S.E.2d 807 (2002).
For the foregoing reasons, I respectfully dissent from the opinion of the majority in this case.
I do not believe that the evidence shows that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer.
 S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER